UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BHMPW FUNDING NJ LLC,

               Plaintiff,

-against-

LORNA AMSTERDAM, NATIONAL CITY
BANK, and MAGGIE CARR,

               Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-1244 (CBA) (RER)

**AMON, United States District Judge:**

Wilmington Savings Fund Society, FSB ("Wilmington")—Plaintiff BHMPW's predecessor in interest—obtained an entry of default on April 24, 2015 against Defendants Lorna Amsterdam and National City Bank ("NCB") for failing to answer, move, or appear in response to Wilmington's March 11, 2015 complaint within the requisite time under Federal Rule of Civil Procedure Rule 55(a). Thereafter, Wilmington obtained leave from Magistrate Judge Reyes to file a Second Amended Complaint ("SAC")—which it did on July 23, 2015—substituting in Maggie Carr as a defendant. (D.E. # 20.) Wilmington properly served the SAC upon Carr, but did not repeat service upon Amsterdam or NCB. (D.E. # 21.) Wilmington then assigned the note and mortgage encumbering the property at issue to BHMPW, who substituted in as plaintiff in this action and who obtained an entry of default against Carr. (D.E. # 23, 26.) In the instant motion, BHMPW seeks default judgment of foreclosure and sale against Amsterdam and NCB for $ 1,015,280.80 as well as an order barring and foreclosing all defendants from the mortgaged property. (D.E. # 27.) Amsterdam cross-moves to vacate her default. (D.E. # 35.) The Court referred both motions to the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge for Report and Recommendation ("R&R").

1

The Court has received Magistrate Judge Reyes' R&R, recommending that BHMPW's motion for default judgment be granted in part and denied in part, and that Amsterdam's cross-motion to vacate the default entered against her be denied as moot. (See D.E. # 36.) Neither party has objected to the R&R's recommendation that default judgment be entered against Carr or the conclusion that Amsterdam and NCB should be permitted to continue to defend against the SAC. The Court therefore grants BHMPW's motion for default judgment as to Carr. The Court denies BHMPW's motion for default judgment as to Amsterdam and NCB, who, having been served with the SAC, may continue to defend against its allegations. Accordingly, Amsterdam's cross-motion is denied as moot. Finally, BHMPW's request to amend the caption is granted, and is reflected herein. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

Dated: Feb. 28, 2017
Brooklyn, New York

/S/ Carol B Amon
Carol Bagley Amon
United States District Judge